IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT PASPARAGE, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 15-1689
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of January, 2017, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

AO 72
(Rev. 8/82)

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on November 1, 2012, alleging disability due to back problems, depression, a weak left arm and difficulty walking. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 23, 2014, at which plaintiff appeared and testified while represented by counsel. On August 19, 2014, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on December 2, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 46 years old when he filed his application, and is classified a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past work experience as an office cleaner and construction laborer/roofer helper, but he has not engaged in substantial gainful activity at any time since he filed his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of chronic low back pain, attention deficit hyperactivity disorder, bipolar disorder, panic disorder and personality disorder; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform light work with a number of other non-exertional limitations. Plaintiff is limited to working in a stable,

low stress environment where he does not need to perform more than routine, repetitive tasks. In addition, plaintiff is precluded from contact with the public and is limited to only occasional contact with co-workers (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform any past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a folding machine operator, retail marker and photocopy machine operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light

of his age, education, work experience and residual functional capacity.¹ 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 2 and 5 of the sequential evaluation process. Plaintiff argues that the ALJ erred at step 2 by determining that certain of his claimed impairments are not severe. Further, plaintiff contends that ALJ's step 5 finding that he retains the residual functional capacity to perform work which exists in the national economy is not supported by substantial evidence. For reasons explained below, plaintiff's arguments are without merit.

Plaintiff first argues that the ALJ erred in finding that his claimed shortness of breath with chest pain and underweight condition are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits his physical or mental ability to perform basic work activities.² 20 C.F.R. §416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §416.921(a).

---

¹Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

²Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§416.921(b)(1)-(6).

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that his claimed impairments are severe. 20 C.F.R. §416.912(a); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as he has not proffered evidence to establish that his claimed shortness of breath with chest pain and underweight condition present more than a minimal impact on his ability to perform basic work activities.[3]

As an initial matter, plaintiff's severity argument is undermined by the fact that he completed a disability report on which he indicated that back problems, depression, a weak left arm and difficulty walking limit his ability to work, not the other impairments that he now claims are severe. (R. 173). In addition, as the ALJ observed, plaintiff's contention that shortness of breath is a severe impairment is not substantiated by any clinical or diagnostic findings. (R. 12). Finally, plaintiff's claim that his underweight condition is a severe impairment is contradicted by his statement to the consultative medical examiner that his appetite was fine and he had not lost weight

---

[3] In that regard, plaintiff is incorrect that the ALJ should have requested formalized pulmonary sufficiency testing. While an ALJ has a heightened duty to develop the record when a claimant is unrepresented, here plaintiff was represented by counsel. As already discussed, it is plaintiff's burden at step 2 to establish that an impairment is severe. Therefore, plaintiff's counsel could have proffered any evidence he wished to submit to establish that plaintiff's claimed shortness of breath was a severe impairment. See 20 C.F.R. §416.1540(b)(1)(stating that a claimant's representative must help obtain the information and evidence that the claimant must submit for consideration of his claim). However, when the ALJ asked at the conclusion of the administrative hearing whether the record was complete, plaintiff's counsel responded, "[i]t is, Your Honor." (R. 38). Thus, there is no merit to plaintiff's claim that the ALJ should have requested any testing concerning his shortness of breath.

AO 72
(Rev. 8/82)

over the past several years. (R. 234). Accordingly, the court finds the ALJ did not err in making his step 2 finding.[4]

Plaintiff next challenges the ALJ's decision as not being supported by substantial evidence at step 5 for the following reasons: (1) the ALJ failed to properly weigh certain medical opinions; (2) the ALJ minimized plaintiff's mental limitations and chronic low back pain; (3) the RFC Finding did not account for all of plaintiff's limitations; and (4) the ALJ's hypothetical question was incomplete. After reviewing the record, we conclude that each of plaintiff's arguments is without merit.

Plaintiff first argues that the ALJ failed to properly weigh certain medical opinions in this case. According to plaintiff, the ALJ incorrectly afforded greater weight to the opinions of the state agency physician and state agency psychologist instead of the opinions issued by the consultative examining physician and psychologist. After reviewing the record, we conclude that the ALJ properly considered and weighed all of the medical opinion evidence.

Dr. Edward Johnson performed a one-time physical examination of plaintiff and determined that he had no limitation in sitting and no postural limitations, but he could only stand and walk less than one hour per day and he had certain environmental restrictions. (R. 236-37). Dr. Lindsay Groves performed a one-time psychological evaluation of plaintiff and concluded that he could understand, remember and carry out short, simple instructions, but he was markedly limited[5] in carrying out detailed instructions, making judgments, responding appropriately to work pressure and responding appropriately to changes in a routine work setting. (R. 248).

---

[4]Because the ALJ's step 2 finding was proper, there was no need for him to determine at step 3 whether plaintiff's claimed shortness of breath and underweight condition met or were medically equivalent to a listed impairment, despite plaintiff's current claim that the ALJ failed to do so.

[5]The form report Dr. Groves completed defined "marked" as "[t]he ability to function is severely limited but not precluded." (R. 247).

The ALJ considered the opinions issued by Drs. Johnson and Groves, but gave them less weight than the opinions of the state agency physician, Dr. Torio, and the state agency psychologist, Dr. Ostrich. (R. 16, 17). The ALJ explained his decision to give less weight to Dr. Johnson's and Dr. Groves' opinions because their findings were not supported by objective medical evidence, plaintiff's activities of daily living and his lack of treatment. (R. 16, 17). Although the ALJ gave less weight to the opinions of Drs. Johnson and Groves, he accounted for the limitations they identified which were supported by the record. For example, the ALJ accounted for some of Dr. Johnson's physical findings by limiting plaintiff to light work, and the ALJ accounted for Dr. Groves' assessment by restricting plaintiff to working in a stable, low stress environment that involves performing only routine, repetitive tasks, no contact with the public and only occasional contact with co-workers. For these reasons, we find no error in the ALJ's evaluation and weighing of the opinions issued by Dr. Johnson and Dr. Groves.

Despite the fact that the ALJ properly evaluated and weighed those opinions, plaintiff contends the ALJ improperly relied on the "state agency doctors to overcome Dr. Johnson's and Dr. Groves' . . . findings and opinions." Plaintiff is incorrect that it was improper for the ALJ to rely on the opinion of Dr. Torio, the state agency physician, and Dr. Ostrich, the state agency psychologist.

Contrary to plaintiff's position, the regulations specify that state agency medical and psychological consultants, such as Dr. Torio and Dr. Ostrich, are highly qualified and experts in Social Security disability evaluation, thus the ALJ must consider their opinions. 20 C.F.R. §416.927(e)(2)(i). Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In <u>Chandler v. Commissioner of Soc. Sec.</u>, 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case

properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. Id. at 361-62.

Likewise, here, the ALJ properly relied in part on Dr. Torio's assessment of plaintiff's physical capabilities and Dr. Ostrich's assessment of plaintiff's mental capabilities. As in Chandler, the ALJ did not simply rubber stamp their respective opinion. Rather, the ALJ considered each opinion as consistent with the record, including plaintiff's activities of daily living and treatment history. (R. 16, 17). Accordingly, the ALJ did not err in his treatment of Dr. Torio's and Dr. Ostrich's opinion.

The ALJ also did not minimize plaintiff's mental limitations and chronic low back pain due to lack of treatment as plaintiff now claims. In evaluating plaintiff's claim, the ALJ properly considered plaintiff's treatment history and noted that he received no treatment for his alleged disabling impairments during the period under adjudication. (R. 16). Regarding lack of treatment, the ALJ logically drew an inference that plaintiff's condition is less limiting than alleged, (R. 16), but the ALJ nonetheless accounted for all of plaintiff's credibly established limitations in fashioning the RFC Finding. It was proper for the ALJ to consider plaintiff's lack of treatment in conjunction with the record as a whole, which he did here. Indeed, the ALJ's decision makes clear that the outcome in this case did not hinge only on plaintiff's treatment history, or any one particular factor alone.

Plaintiff's next argument - that the RFC Finding did not account for all of his limitations - also is without merit. Plaintiff asserts that the RFC Finding should have included limitations to account for his shortness of breath and underweight condition, as well as limitations identified by

AO 72
(Rev. 8/82)

Dr. Johnson in his assessment of plaintiff's physical abilities. As discussed, plaintiff's claimed shortness of breath and underweight condition were not severe impairments, thus there was no need to account for them in the RFC Finding. Likewise, the ALJ properly determined that Dr. Johnson's opinion was not well supported, thus the ALJ was not required to include in the RFC Finding any unsubstantiated limitations he identified.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was incomplete because it did not include limitations to account for his moderate difficulties in social functioning and concentration, persistence or pace, and it did not account for his shortness of breath. Plaintiff is incorrect.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations resulting from his impairments that were supported by the evidence of record, including all of the factors that were the basis of the RFC Finding. The RFC Finding limited plaintiff to working in a low stress environment where he does not need to perform more than routine, repetitive tasks, which accounts for his moderate limitation in concentration, persistence or pace. In addition, the RFC Finding precluded plaintiff from contact with the public and restricted him to only occasional contact with co-workers, which accounts for his moderate limitation in social functioning. Finally, there was no need to include any limitation for shortness of breath because, as discussed repeatedly, the ALJ properly found that was not a severe impairment. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

AO 72
(Rev. 8/82)

In conclusion, after carefully and methodically considering the medical evidence and the record as a whole in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: E. David Harr, Esq.
203 South Main Street
Greensburg, PA 15601

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)